UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA J. CHEEK,

    Plaintiff,

    v.     Case No. 20-C-932

JOHN F. MATZ, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Joshua J. Cheek, filed a *pro se* 42 U.S.C. § 1983 complaint on June 22, 2020, alleging that his rights were violated while he was an inmate at the Winnebago County Jail in November of 2019. This matter comes before the court on Plaintiff's motion for leave to proceed without prepayment of the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has filed a motion to proceed without prepayment of the filing fee. Dkt. No. 2. A review of Plaintiff's motion shows that he receives $100 per month from his legal guardian but has no other assets or income and therefore lacks sufficient funds to pay the filing fee. Accordingly, the court will grant Plaintiff's motion to proceed without prepayment of the filing fee and will screen the complaint.

### SCREENING OF THE COMPLAINT

The court is required to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must at least provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## THE COURT'S ANALYSIS

Plaintiff's complaint fails to state a claim because it is illegible and unintelligible. Plaintiff prints with no spaces to demarcate words or the end of sentences. To understand his complaint requires an effort more akin to decoding a secret message than reading a pleading. To the extent it is understandable at all, the complaint seems to consist of conclusory allegations devoid of any plausible factual content. This is plainly not enough to force another citizen, or the taxpayers of Winnebago County, to incur the expense of retaining a lawyer to attempt to decipher and respond to a pleading that does not meet the minimal requirements of Rule 8 of the Federal Rules of Civil Procedure and then incur the further expense of conducting discovery in an attempt to discern what the case is about, all leading to the further expense of preparing and filing the detailed proposed findings of fact, supporting declarations, motion and supporting brief needed to dispose of the case on summary judgment.

Plaintiff's complaint is therefore dismissed, but the dismissal is of the complaint only and without prejudice. Plaintiff may file an amended complaint that meets the requirements of Rule 8, assuming he has a valid claim. To assist him, the Clerk shall mail to him with this order a copy of the district's "Guide to Filing Prisoner Complaints Without a Lawyer in The United States District Court for the Eastern District of Wisconsin." If Plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein on or before **August 3, 2020**. Failure to file an amended complaint within this time period will result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See*

*Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading."  *Id.* at 1057 (citation omitted).  If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **August 3, 2020**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

Dated at Green Bay, Wisconsin this 2nd day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge